UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENA M. JOHNSON,

    Plaintiff,

v.                                                        Case No: 2:11-cv-552-Ftm-38UAM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on Plaintiff Dena Johnson's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #23), filed on October 15, 2012.

On September 28, 2011, Plaintiff filed the instant action seeking judicial review of the Administrative Law Judge's ("ALJ") denial of disability insurance benefits.  On August 15, 2012 the Court adopted (Doc. #21) the Magistrate Judge's Report and Recommendation to grant Defendant Michael J. Astrue, Commissioner of Social Security's unopposed Motion for Entry of Judgment with Remand (Doc. #19) to the ALJ for further consideration of the opinion evidence of record, further evaluation of the plaintiff's residual functional capacity, and for acquisition of evidence from a vocational expert regarding the effects of the plaintiff's limitation on the occupational base.  The Court also reversed the Commissioner's decision to deny disability insurance benefits and Judgment (Doc. #22) was entered on the same day.

Plaintiff has applied for an award of $3,246.37 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereafter "EAJA").  The Court finds that

Plaintiff is the prevailing party in this litigation, the Commissioner's position was not substantially justified, Plaintiff's net worth at the time of the proceeding was less than two million dollars, and the request for fees is not opposed. The Court further concludes that the hours expended by Plaintiff's counsel on this case and the hourly rate are reasonable.

The Supreme Court has held that the prevailing party, not the prevailing party's counsel is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses. Astrue v. Ratliff, 130 S. Ct. 2521, 2529 (2010). Plaintiff's Counsel has requested that any awarded EAJA fees be paid directly to her rather than to Plaintiff based on an Assignment of Equal Access To Justice Act Fees with counsel. However, in the Eleventh Circuit, payment is made only on the condition that Plaintiff does not owe any debts to the Government. See Reeves v. Astrue, 526 F.3d 732, 738 n. 3 (11th Cir. 2008). The Middle District of Florida has consistently found that the best practice is to award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. See Caylor v. Astrue, 769 F. Supp. 2d 1350, 1354 (M.D. Fla. 2011). Thus, the Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA fees and to pay fees directly to Plaintiff's counsel after a determination that Plaintiff does not owe a federal debt.

Accordingly, it is now

**ORDERED:**

(1) Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #23) is **GRANTED**. Attorney fees in the amount of $3,246.37 for attorney Jonas H. Kushner, Esq. are hereby awarded to Plaintiff, and may be

paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

(2) The Clerk shall enter an amended judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record